UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CARLOS TERRY,

    Petitioner,

v.

TIMOTHY STEWART, *Warden*,

    Respondent.

Civil Action No. TDC-18-1285

## MEMORANDUM OPINION

Petitioner Carlos Terry, a federal prisoner presently confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), has filed a self-represented Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his sentence issued by the United States District Court for the Eastern District of Pennsylvania. Terry relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), to argue that his federal sentence should be vacated because a prior state conviction was improperly used to enhance his federal sentence pursuant to the career offender guideline within the United States Sentencing Guidelines ("the Guidelines"), U.S.S.G. § 4B1.1. After Respondent filed an Answer, Terry filed a Supplement to the Petition to add an argument that he should be granted a sentence reduction under Section 401 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). *See* 18 U.S. Code § 3582(c)(1)(B). Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rules 1(b), 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED.

## BACKGROUND

On October 4, 1994, Terry was convicted after a jury trial in the United States District Court for the Eastern District of Pennsylvania of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); three counts of use of a telephone to facilitate a drug felony, in violation of 21 U.S.C. § 843(b); use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Terry was designated a career offender under the Guidelines because he had two prior convictions for either a crime of violence or a controlled substance offense. Terry's criminal history includes a 1976 federal conviction for assaulting a postal employee, in violation of 18 U.S.C. § 111, and a 1984 Pennsylvania state conviction for aggravated assault. Having received the career offender enhancement, Terry was sentenced to a total of 480 months of imprisonment.

On direct appeal, the United States Court of Appeals for the Third Circuit affirmed Terry's conviction and sentence. *United States v. Terry*, 72 F.3d 125 (3d Cir. 1995). The United States Supreme Court denied Terry's petition for a writ of certiorari on April 22, 1996. *Terry v. United States*, 517 U.S. 1158 (1996).

In 1997, Terry filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") in the Eastern District of Pennsylvania. The court granted the motion in part and vacated his conviction under 18 U.S.C. § 924(c) for use of a firearm during a drug trafficking crime and the consecutive 120-month sentence on that count, resulting in a revised total sentence of 360 months. *United States v. Terry*, Crim. No. 92-119-07, 1997 WL 438831, at *6 (E.D. Pa. July 24, 1997). Terry subsequently filed additional § 2255 motions with the Eastern

District of Pennsylvania in 2001 and 2002, which were dismissed as second and successive. *United States v. Terry*, 100 F. App'x 68, 70 n.1 (3d Cir. 2004).

Terry also filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania that included a claim similar to the instant claim that his sentence was erroneously enhanced. *Terry v. Williamson*, No. 05-2131, 2006 WL 229059, at *1 (M.D. Pa. Jan. 31, 2006). Terry claimed that the district court enhanced his sentence based on a non-qualifying prior conviction. He requested to be resentenced without the career offender status. The court found that the proper avenue for Terry's claim was a § 2255 motion and dismissed the habeas petition because Terry had not shown that § 2255 provided an inadequate or ineffective remedy.

On June 19, 2016, Terry, through counsel, filed another § 2255 motion in the Eastern District of Pennsylvania in which he argued that he was not was not properly designated as a career offender in light of the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015). *Terry v. United States*, No. 92-119 (E.D. Pa. 2016) (ECF No. 143). On April 13, 2019, Terry's counsel filed a Notice of Withdrawal of the § 2255 motion after the Third Circuit held in *United States v. Green*, 898 F.3d 315 (3d Cir. 2018), that *Johnson* does not provide a basis to challenge the mandatory Guidelines enhancements on vagueness grounds through a new § 2255 motion, and the Supreme Court denied a petition for a writ of certiorari to review that decision, *Green v. United States*, 139 S. Ct. 1590 (2019).

Terry filed the present Petition in this Court on May 18, 2018 and filed his supplement to the Petition on May 28, 2019. In denying a Motion for a Prompt Disposition filed by Terry, the Court alerted Terry to the fact that the original Petition appeared to be missing pages and granted

3

Terry until October 1, 2020 to provide any such missing information. Terry made no filing by that deadline.

On November 25, 2020, Terry filed a Motion to Rescind the Denial of the Petitioner's Motion for Prompt Disposition and Request for Leave to Supplement the Original Petition, in which he asked the Court to rescind its earlier order and grant him additional leave to supplement the Petition.

## DISCUSSION

### I. The Motion to Rescind the Denial

Turning first to Terry's November 25, 2020 motion, the Court finds no basis to reconsider its denial of the first Motion for a Prompt Disposition, a ruling which would have no substantive impact. The Court will also deny Terry's request for another opportunity to supplement the Petition. Even if, as Terry asserts, his failure to file supplemental materials by October 1, 2020 was the result of mailing issues, he did not submit the requested materials with his November 25, 2020 motion. Then, on February 2, 2021, Terry filed a Petition for a Writ of Mandamus in the United States Court of Appeals for the Fourth Court seeking a prompt resolution of the Petition, without any reference to a need to file additional materials. Finally, upon review of Terry's original and supplemental filings, the Court has determined that it has sufficient information to rule on the Petition. Accordingly, the Motion to Rescind the Denial of the Petitioner's Motion for Prompt Disposition and Request for Leave to Supplement the Original Petition will be denied.

### II. The § 2241 Petition

#### A. Jurisdiction

As a threshold issue, Respondent argues that this Court lacks jurisdiction over the Petition and should transfer it to the Middle District of Pennsylvania, the District in which Terry resided

when the Petition was received by the Court. A § 2241 petition is properly filed and considered in the District in which the petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (in discussing a § 2241 petition, stating that "the traditional rule has always been" that a writ of habeas corpus "is issuable only in the district of confinement"). Terry's original Petition, dated April 13, 2018, states that he is incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), which is in the District of Maryland. Terry completed a certificate of service stating that he placed his Petition in the U.S. Mail on that date. Terry's Petition was received by the Court on May 1, 2018.

According to Respondent, on April 23, 2018, Terry was transferred from FCI-Cumberland, to the Federal Correctional Institution Allenwood Low, in White Deer, Pennsylvania located in the Middle District of Pennsylvania. Respondent thus argues that the Court no longer has jurisdiction over the Petition and that it may never have had jurisdiction because the Petition was not formally filed until it was received by the Court on May 1, 2018, after Terry had been transferred out of this District. Terry has since been transferred to FCI-Milan, which is located in the Eastern District of Michigan.

Terry's Petition is deemed to have been filed on April 13, 2018, the date on which it was placed in the prison mailbox for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Lewis v. Richmond Police Dep't*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998). On that date he was located at FCI-Cumberland, within the District of Maryland. Further, jurisdiction may be retained by the Court after a petitioner is transferred to a prison in another district. *See Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir 1985); *see also Sweat v. White*, 829 F.2d 1121 (4th Cir. 1987) (unpublished table opinion), 1987 WL 44445, at *1 ("It is well-established that jurisdiction attaches on the initial

5

filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change" (quoting *Santillanes*)). Terry's Petition thus has no jurisdictional defect.

## B. Inadequate or Ineffective Remedy

Respondents also argue that the Court may not consider the § 2241 Petition because it is a challenge to Terry's underlying sentence and thus must be brought as a § 2255 motion unless Terry can show that such a § 2255 motion would be an inadequate or ineffective remedy.

Although a § 2241 petition may be filed to contest the manner in which a sentence is executed, *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*), a review of the Petition reveals that Terry is challenging the validity of his sentence. *See, e.g., Castro v. United States*, 540 U.S. 375, 381-82 (2003) (stating that a court may recharacterize a *pro se* motion "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"). Ordinarily, a collateral attack on the validity of a federal conviction or sentence is brought by motion to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). However, where Terry previously filed such a motion under § 2255, a "second or successive" motion may only proceed if the Court of Appeals in the circuit in which Terry was convicted has certified that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Terry has neither obtained such a certification nor provided a reason to conclude that the Petition satisfies the requirement that it is based on newly discovered evidence or a new rule of constitutional law.

6

When § 2255 is not available to collaterally attack a conviction or sentence, a prisoner may, under limited circumstances, file a § 2241 petition to do so. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Specifically, under the "savings clause" of § 2255, a prisoner may file a § 2241 petition to collaterally attack a conviction or sentence when a § 2255 petition is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *In re Jones*, 226 F.3d at 333. This exception is not triggered "because an individual is procedurally barred from filing a § 2255 motion[.]" *In re Vial*, 115 F.3d at 1194 n.5; *Rice*, 617 F.3d at 807. Rather, a § 2255 motion is inadequate and ineffective to test the legality of a conviction when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) after the prisoner's direct appeal and first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Terry cannot establish that his Petition meets these criteria. The United States Court of Appeals for the Fourth Circuit has held that neither *Descamps* nor *Mathis* announced retroactively applicable changes in substantive law. *See, e.g., Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); *Muhammad v. Wilson*, 715 F. App'x 251, 252–53 (4th Cir. 2017). Rather, *Descamps* and *Mathis* reiterated and clarified the application of the categorical approach and the modified categorical approach to determine whether prior convictions qualify as predicates for a sentencing enhancement. *See Brooks*, 735 F. App'x at 109. Where neither of the cases relied upon by Terry altered the substantive law in a manner deemed to apply retroactively, Terry cannot meet the

7

requirements of the savings clause, and he may not challenge his sentence through a § 2241 petition. *See id.*; *Muhammad*, 715 F. App'x at 252–53. The Petition will therefore be dismissed.

### III. First Step Act

Terry has also filed a Supplement to the Petition seeking a sentence reduction under the First Step Act. Only the sentencing court has jurisdiction to modify a sentence. *See* First Step Act § 404(b), 132 Stat. at 5222 (authorizing the "court that imposed a sentence for a covered offense" to reduce a defendant's sentence); *see also* 18 U.S.C. § 3582(c). Terry may seek relief under the First Step Act in the United States District Court for the Eastern District of Pennsylvania. The request to this Court is denied.

### IV. Certificate of Appealability

A habeas petitioner may not appeal the final order on a petition without first having received a certificate of appealability. 28 U.S.C. § 2253(c)(2). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El v. Cockerell*, 537 U.S. 322, 336 (2003)). The Court finds that the legal standard for issuance of a certificate of appealability has not been met and thus declines to issue one. Terry may seek such a certificate from the Fourth Circuit. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Motion to Rescind Denial for a Prompt Resolution and Request for Leave to Supplement will be denied, Terry's request for Supplemental Relief under the First Step Act will be denied, the Petition will be DISMISSED, and the Court will decline to issue a certificate of appealability. A separate Order shall issue.

Date: March 16, 2021

THEODORE D. CHUANG
United States District Judge